UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN,

          Plaintiff,                       Case No. 2:15-cv-12428
                                               District Judge Gershwin A. Drain
v.                                         Magistrate Judge Anthony P. Patti

TRENT MILLER, *et al.*,

          Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 31)

       This matter is before the Court for consideration of Plaintiff William Cowan's motion for appointment of counsel.  (DE 31.)  For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I.     BACKGROUND

       Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983, alleging that Defendants, Trent Miller, Jeffery Woods, and the Michigan Department of Corrections ("MDOC"), violated his rights under the First, Eighth, and Fourteenth Amendments by refusing to serve him a Ramadan meal, causing him to experience life-threatening hypoglycemia. (DE 1 and 2.)  On April 27, 2016, I issued a Report and Recommendation to deny Defendant Miller and Defendant Woods' motion for summary judgment, to which

those Defendants objected on May 10, 2016.  (DE 23 and 26.)  Currently pending before the Court is MDOC's motion to dismiss, which has not been fully briefed. (DE 30.)

Plaintiff filed this motion for appointment of counsel on May 11, 2016.  (DE 31.)  In his motion, he asks the Court to appoint an attorney in this civil matter because he is indigent, has limited knowledge of the law, and, as an inmate, does not have sufficient access to the law library.

## II.    ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent

prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Plaintiff's brief in support of his motion makes several compelling points. Applying the foregoing authority, however, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this point.  For example, he notes that this case involves a medical issue, hypoglycemia, which may require expert testimony which tends to favor the appointment of counsel. However, to this point no one has contested Plaintiff's hypoglycemia or the fact that he suffered a medical emergency on July 2, 2014. Furthermore, this case is still at the very beginning of motion practice and expert testimony will not be necessary, if at all, until the case proceeds closer to trial.

Plaintiff also indicates that appointment of counsel is necessary because he is unable to conduct a thorough investigation of witnesses because he has been transferred to another institution.  Again, such an investigation is premature.  The motion filed by Defendants Miller and Woods dealt with Plaintiff's alleged failure to exhaust his administrative remedies, and I recommended that the motion be denied.  The pending motion to dismiss filed by the MDOC concerns issues of Eleventh Amendment immunity.  An investigation of witnesses is not necessary at this point.

Plaintiff contends that the expertise of an attorney would be helpful to litigate his case, but that he has not been able to find an attorney on his own.[2] Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances.  Further, the claims in Plaintiff's complaint do not involve complex issues.  Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a reasonably clear and well-organized manner.  Plaintiff's instant motion is a testament to this: it is well organized, cites to relevant case law, and contains helpful subject headings. Within the past three weeks, he has successfully convinced the Court to issue a Report and Recommendation denying a motion for summary judgment. (DE 23.)  Finally, as this is a civil case in which Plaintiff is seeking only monetary damages,[3] there is

---

[2] Plaintiff's instant motion, however, notes that it was prepared by Mark A. Boussom, Paralegal.

[3] Plaintiff also seeks injunctive relief in his complaint.  However, he was transferred from the Chippewa Correctional Facility, where the alleged events occurred, to the Alger Correctional facility in February 2016.  (DE 31 at ¶ 2, DE 20.)   He makes no claim that he is being denied Ramadan meals at the Alger Correctional Facility as a result of his alleged denial at Chippewa.  Accordingly, his claims for injunctive relief are moot. *See Colvin v. Caruso*, 605 F.3d 282, 295-96 (6th Cir. 2010) (concluding that a prison transfer moots an inmate's claim where the inmate does not face the potential for future harm following the transfer).

no danger that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.**  (DE 31.)  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**


Dated: May 12, 2016                    s/Anthony P. Patti
                                                    Anthony P. Patti
                                                    UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing documents was sent to parties of record on May 12, 2016, electronically and/or by U.S. Mail.


                                                    s/Michael Williams
                                                    Case Manager for the
                                                    Honorable Anthony P. Patti