UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN,

Plaintiff,

v.

TRENT MILLER, ET AL.,

Defendants.
_____/

Case No. 15-cv-12428

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE PATTI'S RECOMMENDATION [23], AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [14]**

## I. INTRODUCTION

This matter is before the court on Trent Miller's and Jeffrey Woods's (collectively, "Defendants") Motion For Summary Judgment, filed on October 9, 2015. *See* Dkt. No. 14, p. 1 (Pg. ID No. 48). In their Motion for Summary Judgment, Defendants argue that William Cowan ("Cowan" or "Plaintiff") did not fully exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See id.* at 12 (Pg. ID No. 59). Cowan filed a response on October 22, 2015, asserting that he did exhaust his remedies by appealing his second grievance on the issue to Step III of the grievance process.

Dkt. No. 17, p. 1 (Pg. ID No. 103). Defendants responded to Cowan's response on November 11, 2015. Dkt. No. 18, p. 1 (Pg. ID No. 108).[1]

Magistrate Judge Anthony Patti issued a Report and Recommendation that Defendants' motion be denied on April 27, 2016. Dkt. No. 23, p. 1 (Pg. ID No. 122). In making his recommendation, Magistrate Judge Patti noted that "[t]he record reveals that Plaintiff exhausted his administrative remedies through Step III with respect to grievance URF-14-07-2127-26I." *Id*. at 6. Defendants filed a timely objection to Magistrate Patti's recommendation on May 10, 2016. *See* Dkt. No. 26, p. 1 (Pg. ID No. 138).

After reviewing the record, and the arguments put forth by the parties, the Court will **ADOPT** in part and **REJECT** in part Magistrate Judge Patti's Recommendation [23], and **GRANT** in part and **DENY** in part Defendants' Motion for Summary Judgment [14]. The Court's reasoning is set forth below.

## II. BACKGROUND

Cowan is a prisoner currently incarcerated at the Chippewa Correctional Facility. Dkt. No. 1, p. 1 (Pg. ID No. 1). On July 2, 2014, Cowan did not wake up in time for Ramadan meal service. *Id*. at 8 (Pg. ID No. 8). When he requested his

---

[1] On November 12, 2015, Cowan filed a sur-reply to Defendants' reply brief. *See* Dkt. No. 19, p. 1 (Pg. ID No. 112). As the Local Rules of the Eastern District of Michigan do not permit the filing of a sur-reply without leave of court, and Cowan did not seek permission from the Court prior to filing the sur-reply, the Court will not consider this improper filing in making its determination.

Ramadan meal later that morning, Defendant Miller did not provide it to him. *Id*. Later that day, Cowan, a Type I diabetic, experienced an episode of hypoglycemia due to missing a meal. *Id*. During the episode, Cowan lost consciousness and awoke to being restrained by "at least seven correctional officers," who he claims "manhandled" him and injured his left shoulder joint and lower back. *Id*. at 7–8 (Pg. ID No. 7–8). After staff restrained Cowan, a nurse arrived and provided Cowan with glucose shots, gel, and tablets. *Id*. at 8 (Pg. ID No. 8). The nurse also brought Cowan a Ramadan meal and fed him a portion of it. *Id*.

Cowan filed a grievance that same day. *See* Dkt. No. 14-2, pp. 2–4 (Pg. ID No. 64–66). The July 2, 2014 grievance (hereinafter "First Grievance") bears the identifier URF 14-07-2091-17A, and relates solely to the allegation that Defendant Miller denied Cowan a Ramadan meal outside of the meal service period. *See id*. After the First Grievance was denied at Step I, Cowan appealed it to Step II on July 11, 2014. *Id*. at 4–6 (Pg. ID No. 66–68). Cowan's First Grievance was denied at Step II because Cowan had not shown up to claim his meal in the proscribed time period for Ramadan meal service. *See id*. Cowan did not appeal the First Grievance to Step III.

Cowan filed another grievance related to the July 2nd events two days later. *See* Dkt. No. 14-3, pp. 2–4 (Pg. ID No. 70–72). In the July 4, 2014 grievance (hereinafter "Second Grievance"), bearing the identifier URF 14-07-2127-26I,

Cowan alleges that Defendant Miller tried to murder him by denying him his Ramadan meal, and that his left shoulder and lower back were injured by prison staff when he passed out due to hypoglycemia. *See id*. The Second Grievance was denied at Step I because the reviewer determined that the use of force was necessary for medical staff to examine Cowan, and it again faulted Cowan for failing to wake up on time for Ramadan meal service. *See id*. at 4 (Pg. ID No. 72).

Cowan appealed the Second Grievance to Step II on July 24, 2014, where it was denied because Cowan's complaint about not receiving his meal was a duplicate of his First Complaint, and because the reviewer noted that Cowan had to be physically restrained because of his violent reaction to low blood sugar. *See id*. at 5–7 (Pg. ID No. 73–75). Unlike the First Grievance, Cowan appealed the Second Grievance to Step III, where it was denied on April 7, 2015, with a finding that the Second Grievance was appropriately addressed at Steps I and II. Dkt. No. 14-4, p. 9 (Pg. ID No. 84).

Cowan commenced the present suit on July 2, 2015. Dkt. No. 1, p. 1 (Pg. ID No. 1).[2] In his complaint, Cowan appears to brings claims under 42 U.S.C. § 1983,

---

[2] As a procedural note, Plaintiff amended his complaint on May 17, 2016, Dkt. No. 34, after the filing of Defendant Michigan Department of Correction's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. No. 30, but before the Court rendered a decision on the Motion for Summary Judgment's Report and Recommendation. However, since the Amended Complaint does not provide any new facts or arguments regarding Cowan's exhaustion of

asserting that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments by refusing to serve him a Ramadan meal and restraining him during a period of hypoglycemia. *See id*. at 8 (Pg. ID No. 8). Cowan asks the Court to remove Defendant Miller as a corrections officer; order an outside investigation into the Chippewa Correctional Facility; move him to another prison facility; provide him with a specific type of prescription pain medication; and compensate him with $1.5 million for pain and suffering. *Id*. at 3–4 (Pg. ID No. 3–4).

### III. LEGAL STANDARD

A district court performs *de novo* review of timely and specific objections to a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2)–(3). Additionally, a district court may adopt, reject, or amend the portions of the report and recommendation to which no party properly objects. *See* FED. R. CIV. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV. DISCUSSION

In his April 27, 2016 Report and Recommendation, Magistrate Judge Patti recommended that the Court deny Defendants' Motion for Summary Judgment because Cowan had exhausted his administrative remedies as to his Second Grievance. Dkt. No. 23, p. 11 (Pg. ID No. 132).

---

administrative remedies, the Court will proceed in considering the Report and Recommendation and Defendants' Objection based on the original complaint.

In objecting to the Report and Recommendation, Defendants no longer argue that Cowan only appealed both his First and Second Grievances to Step II of Michigan Department of Corrections (MDOC) procedure. *See* Dkt. No. 14, p. 12 (Pg. ID No. 59); Dkt. No. 18, p .2 (Pg. ID No. 109). Instead, they admit that Cowan pursued the Second Grievance to Step III, but maintain that this exhaustion is irrelevant because the Second Grievance was duplicative of the First Grievance, which Cowan failed to appeal to Step III. *See* Dkt. No. 26, p. 2 (Pg. ID No. 139).

### 1. Exhaustion of Administrative Remedies

The PLRA requires a prisoner to exhaust his or her administrative remedies prior to filing a lawsuit under section 1983 or any other Federal law. 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The prison's grievance requirements, not the PLRA, define the boundaries of proper exhaustion. *Id.* at 218.

The MDOC procedure proceeds as follows. *See* Dkt. No. 14-5, pp. 4–7 (Pg. ID No. 96–99). First, the inmate is to attempt to resolve the issue with the appropriate staff member within two business days of becoming aware of a grievable issue. *Id.* at 4 (Pg. ID No. 96). If the issue is not resolved, the inmate may file a Step I grievance within five days of speaking with the staff member. *Id.* at 4–5 (Pg. ID No. 96–97). Within 15 business days of the grievance's receipt, the

inmate is to receive a response from the Grievance Coordinator. *Id.* at 5 (Pg. ID No. 97). Should the inmate be dissatisfied with the disposition of Step I, or if the inmate does not receive a response within ten days of the due date, he or she may file a Step II grievance using the appropriate appeal form. *Id.* at 6 (Pg. ID No. 98). If the inmate is also dissatisfied with the Step II response, or does not receive a timely response at Step II, the inmate may file a Step III grievance. *Id.* at 7 (Pg. ID No. 99). The matter is fully exhausted after the disposition of the Step III grievance. *See Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted.").

### 2. Plaintiff's Two Grievances

In the present case, Cowan pursued his First Grievance to Step II, with a disposition date of July 22, 2014, Dkt. No. 14-2, p. 6 (Pg. ID No. 68), and his Second Grievance to Step III, with a disposition date of April 2, 2015. Dkt. No. 14-4, p. 9 (Pg. ID No. 84). Accordingly, Cowan exhausted his Second Grievance to Step III, illustrating that he knew that the third step was both available and part of MDOC's procedure. Furthermore, Cowan pursued his First Grievance to Step II after filing the Second Grievance, demonstrating that he knew that filing the Second Grievance did not supplant the First Grievance. Based on the undisputed

facts presented to the Court, it appears that Cowan did not exhaust his administrative remedies with respect to his First Grievance.

MDOC policy also details that grievances filed by inmates may be rejected if they raise issues found to be duplicative of issues raised in previous grievances filed by the same inmate. Dkt. No. 14-5, p. 3 (Pg. ID No. 95). Thus, the issues raised in Cowan's Second Grievance that were present in his First Grievance are properly dismissed for failure to exhaust administrative remedies, as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Nevertheless, Cowan's Second Grievance raised new issues, in addition to duplicating issues from his First Grievance. While the First Grievance dealt exclusively with the denial of Cowan's Ramadan meal, the Second Grievance raises additional new claims related to force used by prison staff during the period in which Cowan lost consciousness due to hypoglycemia. Dkt. No. 1, p. 3 (Pg. ID No. 3). Specifically, Cowan asserts in his Second Grievance that he was "manhandled and surrounded by a[t] least seven correctional officers," which resulted in injuries to his left shoulder and lower back. Dkt. No. 14-4, p. 12 (Pg. ID No. 87). Since the claims of force during Cowan's hypoglycemic episode were not raised in his First Grievance and were properly exhausted in April 2015, they are not subject to dismissal under the PLRA's administrative exhaustion requirement.

Dismissal of Cowan's unexhausted First Grievance claims, which he later duplicated in part in his Second Grievance, is in line with precedent. *See Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 890 (6th Cir. 2009) (upholding a district court's dismissal of claims where a first grievance was not properly exhausted, although later a duplicate grievance was filed); *Hall v. Raja*, No. 09–10933, 2010 WL 3070141, at *2 (E.D. Mich. Aug. 2, 2010) (noting that "a prison may properly preserve its right to subsequently seek dismissal of a prisoner's federal lawsuit for failure to exhaust, where it both denies the grievance on the merits *and* denies it for failure to comply with 'critical grievance procedures.' "); *Boone v. Fighter*, No. 06-14415, 2008 WL 880208, at *4–5 (E.D. Mich. Mar. 31, 2008) (dismissing duplicative grievances, but allowing grievances with distinct new issues to proceed past a motion to dismiss). As such, Defendants' Motion for Summary Judgment should be granted with regard to Cowan's unexhausted claims.

## V. CONCLUSION

The Court finds that Cowan failed to exhaust his administrative remedies with respect to his First Grievance. Accordingly, the Court **REJECTS** the Report and Recommendation insofar as it allows Cowan's claims based on denial of his Ramadan meal to proceed. The Court **GRANTS** Defendants' Motion for Summary Judgment on claims arising out of Cowan's First Grievance. Cowan's First, Eighth, and Fourteenth Amendment claims, as well as his newly added Intentional

Infliction of Emotional Distress claim, are properly dismissed to the extent they rely upon denial of Cowan's Ramadan meal.

Nevertheless, as Cowan's Second Grievance raises new issues relating to use of physical force during his restraint, the Court **ADOPTS** the Report and Recommendation exclusively as to the narrow issue of whether excessive force was used to restrain Cowan during his hypoglycemic episode. Defendants' Motion for Summary Judgment is **DENIED** as to new issues raised in Cowan's properly exhausted Second Grievance.

IT IS SO ORDERED.

Dated:  June 14, 2016

s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **June 14, 2016.**

s/Tanya R. Bankston
TANYA R.BANKSTON
Case Manager & Deputy Clerk
