UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN,

                Plaintiff,                          Case No. 2:15-cv-12428
                                                      District Judge Gershwin A. Drain
v.                                              Magistrate Judge Anthony P. Patti

TRENT MILLER, *et al.*,

                Defendants.
_____/

## <u>ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT (DE 41) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT (DE 35)</u>

This matter is before the Court for consideration of Plaintiff William Cowan's motion to amend complaint (DE 35), his proposed amended complaint (DE 34), and Defendants' motion for more definite statement (DE 41). For the reasons that follow, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED WITHOUT PREJUDICE** to refiling.

## I.     BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, initially brought this lawsuit under 42 U.S.C. § 1983, alleging that Defendants, Trent Miller, Jeffery Woods, and the Michigan Department of Corrections ("MDOC"), violated his rights under the First, Eighth, and Fourteenth Amendments by refusing

to serve him a Ramadan meal, causing him to experience life-threatening hypoglycemia.  (DE 1 and 2.)  On June 14, 2016, however, Judge Drain issued an order dismissing Plaintiff's First, Eighth, and Fourteenth Amendment claims, along with a newly-added claim for intentional infliction of emotional distress, on the basis that those claims had not been administratively exhausted.  (DE 40.) Judge Drain therefore limited Plaintiff's claims to only the issues relating to the use of physical force during his hypoglycemic episode.  (Id. at 10.)

On July 7, 2016, Judge Drain granted Plaintiff's motion to voluntarily dismiss MDOC as a Defendant in this action.  (DE 45.)  Accordingly, the only remaining Defendants in this action are Woods and Miller.

## II.    THE INSTANT MOTIONS

On May 17, 2016, Plaintiff filed a document titled "Verified Amended Complaint," (hereinafter "proposed amended complaint").  (DE 34.)  The proposed amended complaint names as defendants Woods, Miller, the MDOC, and various John Doe officers.  It contains (as best as the Court can discern) largely the same factual allegations and counts as his previous complaint.  On May 26, 2016, Plaintiff, apparently realizing that he may not be entitled to amend without leave as to all Defendants, filed a motion for leave to file an amended complaint.  (DE 35.) In his motion, Plaintiff explains that his original complaint did not conform to the

court rules and asked to amend the document in order to correct errors after speaking with a paralegal.  (Id at ¶¶ 2-3.)

In response to Plaintiff's proposed amended complaint and subsequent motion to amend, Defendants filed a motion for a more definite statement.  (DE 41.)  In their motion, Defendants ask the Court to deny Plaintiff's motion to amend as moot, dismiss the MDOC from this action, and order Plaintiff to file an amended complaint reflecting only the remaining excessive force claim.[1]  Plaintiff was given until August 5, 2016 to respond to Defendants' motion.  (DE 43.)  To date, he has not filed a response.

## III.    STANDARD

### A.    Rule 15

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings in one of two ways.  First, a party may amend as a matter of course within 21 days after serving it or within 21 days of service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(A)-(B).  For amendments that fall outside those time periods, amendment to the pleadings may only be made after obtaining leave of court.  The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

---

[1] Defendants filed the motion prior to Judge Drain's July 6, 2016 order, which moots the portions involving MDOC's motion to dismiss.

"Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

In addition, the Local Rules of the Eastern District of Michigan require a party moving to amend a pleading to "attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Any amendment to a pleading must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." *Id.* Failure to comply with Rule 15.1, however, is "not grounds for denial of the motion." *Id.*

## B.     Rule 12

Pursuant to Federal Rule of Civil Procedure 12, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## IV.   ANALYSIS

### A.   Amendment as of Right Under Rule 15(a)(1)(B)

As a preliminary matter, both parties seem to be somewhat unclear about whether Plaintiff is entitled to file an amended complaint as of right under Rule 15. (See, e.g., DE 41 at 2.)  When a plaintiff seeks to amend his or her complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right.  *See Dewald v. Clinton*, No. 05-71492, 2010 WL 778057, at *1 (E.D. Mich. Mar. 4, 2010) (citing *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) and *Scott-Blanton v. Universal City Stuidos Prods., LLP*, 244 F.R.D. 67, 69 (D.D.C. 2007)).  Here, Plaintiff filed his proposed amended complaint within 21 days after Defendant MDOC filed its motion to dismiss (DE 30), putting him within the dictates of Rule 15(a)(1)(B) and allowing him to amend as of right with respect to MDOC only. However, Plaintiff was not within the 21-day time period to amend as of right as to Defendants Woods and Miller.  As MDOC is no longer a Defendant in this action, Plaintiff is not entitled to amend as of right and therefore properly filed his motion to amend.

### B.   Plaintiff's Motion to Amend and Defendant's Motion for a More Definite Statement

Plaintiff's motion to amend is vague as to what proposed changes he has made to the amended complaint.  For example, he notes that he is amending to

"correct errors," but does not point out that he has also added a claim for intentional infliction of emotional distress, along with new "John Doe" defendants. (DE 35 at ¶ 2.) Nor does the proposed amended complaint in any way identify the revisions made to the pleadings, which does not comply with my practice guideline on amended pleadings. Amended Pleadings, available at https://www.mied. uscourts.gov/index.cfm?pageFunction=chambers &judgeid=51.

Nevertheless, these omissions might have been overlooked in the interest of holding the *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, here Plaintiff's proposed amended complaint is not only unclear in its revisions, it is also out of date with the current status of the case. Specifically, the proposed amended complaint still names MDOC as a Defendant and asserts constitutional claims that are outside the scope of Judge Drain's June 14, 2016 order. Further, Plaintiff seems to have filed his motion and proposed amended complaint in response to MDOC's motion to dismiss, which is now moot.

Finally, it is unclear to the Court, and understandably to the remaining Defendants, what portions of Plaintiff's proposed amended complaint reflect the current status of the case. Not only is the proposed amended complaint so vague and ambiguous that it would be difficult for Defendants to prepare a response, it is

likely in *Plaintiff's* best interest to ensure that any amended complaint is consistent with the claims remaining in this action.

Accordingly, Plaintiff's motion to amend his complaint is **DENIED WITHOUT PREJUDICE** to refiling with a more definite statement.  Likewise, Defendants' motion for more definite statement is hereby **GRANTED**.  While Plaintiff is not required to file an additional motion to amend, if he chooses to do so, he shall comply with the following:

1. Any motion to amend shall be filed on or before September 30, 2016;

2. The motion must attach a proposed amended complaint;

3. Any revisions must be identified, either in the motion itself or in the body of the proposed amended complaint in conformity with my online practice guidelines; and

4. The motion and proposed amended complaint should be limited to the claims and Defendants remaining in this action; in other words, it must be consistent with Judge Drain's June 14 and July 7, 2016 orders.  (DE 40 and 45.)

  **IT IS SO ORDERED.**


Dated: August 16, 2016             s/Anthony P. Patti_____
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing order was sent to parties of record on August 16, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager to the
Honorable Anthony P. Patti