UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN,

          Plaintiff,                     Case No. 2:15-cv-12428
                                                 District Judge Gershwin A. Drain
v.                                     Magistrate Judge Anthony P. Patti

TRENT MILLER, *et al.*,

          Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER TO CORRESPOND WITH PARALEGAL (DE 42)

Plaintiff, William Cowan, is a state inmate who is proceeding without the assistance of counsel.  On June 20, 2016, Plaintiff filed a document titled "motion for court order to correspond with paralegal," in which he explains that fellow inmate and paralegal Mark A. Boussom has been drafting his pleadings and motions in the instant action.[1]  (DE 42.)  Mr. Boussom, however, is being moved from Level IV security to Level II and apparently will no longer be able to correspond with Plaintiff about his case.  Plaintiff asserts that he will be unable to proceed in this litigation without the assistance of Mr. Boussom.

_____

[1] The Court's own orders corroborate Plaintiff's assertion.  (See, e.g., DE 32 at n. 2.)

Plaintiff's motion raises an interesting issue.  On one hand, prison officials may not retaliate against one inmate for providing another with legal assistance where the inmate being helped would otherwise be unable to pursue legal redress. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999).  Here, however, there is no indication that either inmate is being retaliated against for his participation in this lawsuit.  On the contrary, it appears that Mr. Boussom is being moved to a less restrictive security environment.

On the other hand, federal courts "ought to afford appropriate deference and flexibility to state officials trying to manage" the prison environment, especially "in the fine-tuning of the ordinary incidents of prison life." *Sandin v. Conner*, 512 U.S. 472, 482-83 (1995).  The Sixth Circuit has found that a change in security classification is an ordinary incident of prison life. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005).

Applying the foregoing authority, the Court may not order the prison to allow Plaintiff to meet with Mr. Bousson, regardless of their respective security levels, in order to help him proceed with this case.  Such a decision would not provide the appropriate deference and flexibility to state officials managing day-to-day prison issues.  Plaintiff's motion is therefore **DENIED**.

2

**IT IS SO ORDERED.**


Dated: August 16, 2016              s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


### CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing document was sent to parties of record on August 16, 2016, electronically and/or by U.S. Mail.


                                    s/Michael Williams
                                    Case Manager to the
                                    Honorable Anthony P. Patti