UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN,

Plaintiff,

v.

TRENT MILLER, ET AL.,

Defendants.
_____/

Case No. 15-cv-12428

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER [58]**

Plaintiff William Cowan is a prisoner in the custody of the Michigan Department of Corrections. He filed the this action on July 2, 2015, alleging that he was denied a Ramadan meal, resulting in a "hypoglycemic low blood sugar attack" and restraint by staff. Dkt. No. 1. The Court dismissed Plaintiff's claims arising out of denial of his Ramadan meal because Plaintiff had not exhausted his administrative remedies, but allowed his claims related to mistreatment during his restraint to continue. Dkt. No. 40. A motion to change venue to the Western District of Michigan is currently pending before the Court. Dkt. No. 51.

On February 13, 2017, Plaintiff filed a motion "for an injunction for a temporary restraining order." Dkt. No. 58. In his motion, Plaintiff alleges that staff at the Alger Correctional Facility (LMF) have been subjecting Plaintiff to "undue

-1-

burden, retaliation, destruction of legal property, annoyance[,] and harassment." *Id.* at 1. He requests that the Court order him to be transferred to a prison "out of the jurisdiction of the upper peninsula where more of the department's employees who are named in [P]laintiff[']s suit has [sic] familiar and friends working and an order for the administration here at L.M.F. to cease harassing [P]laintiff and vandalizing his property." *Id.* at 2.

### A. Standards for Issuance of a Temporary Restraining Order

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. In order to prevail on a motion for injunctive relief, the moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff cannot show any chance of success on the merits because the allegations and relief requested in his motion for a temporary restraining order are unrelated to the allegations in his complaint.

### B. The Court Lacks Jurisdiction

Plaintiff's complaint—the subject of the present case—arises out of incidents that occurred in July 2014 at the Chippewa Correctional Facility in Kincheloe, Michigan, while his motion for a temporary restraining order complains of harassment in 2017 at the Alger Correctional Facility in Munising, Michigan. *Compare* Dkt. No. 1 *with* Dkt. No. 58. The persons against whom Plaintiff seeks relief in his motion—administrative staff at the Alger facility—are not defendants in this action. *Id*.

A district court has no authority to grant relief in the form of a temporary restraining order where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999). The individuals working at the Alger Correctional Facility have not been served with a legal complaint, and none of the individuals against whom Plaintiff seeks relief in his motion are defendants in this case. Plaintiff also provides no specific facts to show that these individuals were acting "in active concert or participation" with defendants. FED. R. CIV. P. 65(d)(2); *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 112 (1969)

("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.").

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Because the court lacks jurisdiction over the individuals against whom Plaintiff seeks injunctive relief, his motion must be denied.

### C. Plaintiff's Request is Defective

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule, and as already addressed, the individuals identified by Plaintiff are not defendants to this action and there is no indication they have been served with the motion. Dkt. No. 58.

### D. Conclusion

For the reasons set forth above, Plaintiff's motion must be denied. If Plaintiff wants to pursue an action related to the claims in his motion for a

-5-

temporary restraining order, he will need to initiate a new complaint in a separate action.

Plaintiff's motion for a temporary restraining order [58] is **DENIED**.

**IT IS SO ORDERED**.

Dated:      February 22, 2017

                                      /s/Gershwin A Drain
                                      HON. GERSHWIN A. DRAIN
                                      United States District Court Judge