UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN, #229059,            )
    Plaintiff,       )
         ) No. 2:17-cv-37
-v-                                )
         ) Honorable Paul L. Maloney
UNKNOWN MILLER and JEFFREY WOODS,  )
    Defendants.      )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff William Cowan, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint alleging his civil rights were violated. The remaining Defendants are Corrections Officer Trent Miller and Warden Jeffrey Woods. Defendants filed motion for summary judgment. (ECF No. 85.) The magistrate judge issued a report recommending the motion be granted. (ECF No. 91.) Cowan filed objections. (ECF No. 92.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The magistrate judge recommends dismissing the claims because neither Miller nor Woods were personally involved in the incident involved the alleged use of excessive force. The magistrate judge also found that neither Miller nor Woods could be held liable as a supervisor.

Cowan's objections generally fail to address these specific conclusions and recommendations. Instead, Cowan argues that Miller can be held liable because he put into motion the events that eventually led to the use of handcuffs, which is the alleged use of excessive force. Cowan asserts that Miller failed to provide a Ramadan meal, which caused a diabetic blackout, which led to the use of handcuffs. But, Cowan's meal claim was dismissed earlier in this lawsuit. (ECF No. 40.) Cowan also argues that Miller and Woods were part of a larger conspiracy to violate his rights. Cowan alleges evidence was not preserved, false statements have been filed, etc. Cowan, however, has not pled a conspiracy to violate his constitutional rights.

Accordingly, the Report and Recommendation (ECF No. 91) is **ADOPTED** as the Opinion of this Court. Defendants' motion for summary judgment (ECF No. 85) is **GRANTED**. Plaintiff's claims against Defendants Miller and Woods are **DISMISSED**. Finally, the Court has reviewed the record and finds that reasonable jurists would not debate whether these issues should be resolved in a different manner. Therefore, the Court **DENIES** a Certificate of Ability.

    **IT IS SO ORDERED.**

Date:  February 14, 2018                         /s/ Paul L. Maloney  
                                                                              Paul L. Maloney  
                                                                              United States District Judge